IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-181 |
| | ) | (Phillips / Shirley) |
| JAMES WILLIAM LAWSON, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on February 22, 2007, on Defendant's Motion to Continue [Doc. 14]. Assistant United States Attorney Tracy Stone appeared on behalf of the government. Attorney David Boyd represented the defendant, who was also present.

In support of the motion, Attorney Boyd cited substantial issues viewing video tapes and hearing audio recordings. [Doc. 14]. Defendant requested a continuance so that these materials could be accessed and assessed in preparation for trial. The government did not oppose Defendant's motion. [Doc. 14, ¶ 4]. The government stated the parties were working cooperatively and diligently to resolve the technical issues, but that the problems had not yet been remedied. The parties agreed that Defendant should be able to access these materials prior to trial, should be given an extension of time to file motions after accessing the materials and that the trial would have to be continued.

The Court questioned Mr. Lawson, who stated that he understood his right to a

speedy trial. He agreed with the need for a continuance and stated that he understood that he would remain subject to this Court's Order [Doc. 3], which set the conditions of Defendant's release pending trial. The government agreed that a continuance of the trial was necessary. Both parties agreed that all the time between the hearing and a new trial date would be fully excludable under the Speedy Trial Act.

The Court agrees with the parties that a continuance is necessary. 18 U.S.C. § 3161(h)(8)(A). Given the quickly approaching March 13, 2007, trial date, the Court finds that the failure to grant a continuance would deprive the defendant of his ability to review necessary evidence and determine how to proceed. Upon viewing and listening to these materials, counsel may deem it necessary to file further pretrial motions. The Court finds that the technical problems cannot be remedied, motions filed and heard, and orders issued prior to the March 13, 2007, trial date. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite the use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). The Court has considered 18 U.S.C. § 3161(h)(8)(A) and finds the ends of justice served by granting a continuance outweigh the interest of the defendant and the public in a speedy trial. The grounds for finding that the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial are:

> 1. The public and the defendant are more interested in the proper administration of justice and the defendant's right to due process of law than the speed of the trial.
> 2 . The public and the defendant are more interested in both parties having the proper analysis, examination and reports of the laboratory tests in issue in order to make reasoned decisions in preparation for trial or plea, and for any potential

sentencing than the speed of the trial, and without which information such decisions could not be made.

3. The trial will be continued for only a short period of time.

The Court finds a miscarriage of justice would result if the defendant was not able to access these materials in preparation for trial. See 18 U.S.C. § 3161(h)(8)(B).

Accordingly, the defendant's Motion to Continue [Doc. 14] is **GRANTED**. Further, it is **ORDERED**:

1. The trial of this matter is reset to **June 13, 2007 at 9:00 a.m.** before the Honorable Thomas W. Phillips, United States District Judge.

2. The pretrial conference is reset to **May 21, 2007 at 9:30 a.m.** before this Court.

3. The Court finds, and the parties agree, that all the time between the February 22, 2007 hearing and the new trial date of June 13, 2007 is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(F), (J), and (h)(8)(A)-(B).

4. The defendant's motion deadline is **March 23, 2007**.

5. The government's response deadline is **April 6, 2007**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge